DOUCET, Judge.
This is an appeal from a judgment dismissing the plaintiffs’ action for alleged breach of a contract to harvest crops.
During the spring and summer of 1980, Donald R. Johnson and Roy F. Linzay, doing business as a partnership, entered negotiations to cut soybeans for The Haas Investment Company, Inc. (Haas), through its authorized representative, Franklin H. Mikell. An agreement of some kind was entered and the Johnson and Linzay Partnership did harvest beans and other crops for Haas in 1980, 1981, and 1982. In 1983, Haas discontinued its farming operations. Later, the corporation was liquidated. The Johnson and Linzay Partnership was also dissolved.
On July 16, 1984, Linzay and Johnson and the Johnson and Linzay Partnership filed suit for breach of contract against Haas, alleging that under the terms of their verbal contract with Haas, they had the exclusive right to harvest the crop planted by Haas on approximately 3,000 acres for a period of five years and were to receive a price of 70$ per bushel harvested. The plaintiffs further alleged that Haas had breached this contract by failing to plant in 1983 and 1994, thereby depriving them of the profits to be earned from harvesting. Plaintiffs later amended their petition to name as defendants, the co-liquidators and shareholders of Haas, who allegedly assumed the obligations of the corporation.
After answering the petition, the defendants filed an exception of prescription. The exception was heard immediately prior to the trial on the merits. After hearing arguments, the judge referred the exception to the merits of the case. Trial on the merits was held on October 4, 1988 and March 7, 1989. Judgment was rendered on April 21, 1989, dismissing the plaintiffs’ demands at their cost. The plaintiffs filed this appeal arguing that the trial judge erred in making the following factual findings:
(1) That it is of no importance as to what the parties considered to be the time of the contract;
(2) That the parties entered into an oral contract of what can be only considered to be a year to year arrangement;
*1180 (3) The agreement between the parties was not sufficiently specific in any area to constitute a binding contract;
(4) The parties did no more than enter into an agreement renewable at the option of each on a year to year basis with either party having the right to terminate or modify the agreement at the end of each harvest season;
(5) The defendant had the right unilaterally to exercise the option of terminating the contract without subjecting themselves to any penalties.
The defendant shareholders answered the appeal alleging that the trial judge erred in failing to maintain their exception of prescription.
PRESCRIPTION
The defendant shareholders argue that under the provisions of La.R.S. 12:92, a shareholder of a corporation may not be held liable for the obligations of the corporation, except where a shareholder has received an unlawful distribution of assets. In such cases, they contend, a prescriptive period of two years applies. As a result, they contend that the only cause of action available to the plaintiffs was prescribed at the time the suit was filed.
We disagree. The record shows that the defendant shareholders contractually assumed the obligations of Haas upon its dissolution. We find nothing in La.R.S. 12:92 which prevents the enforcement of such contractually assumed obligations against the assuming shareholders. See also: Sutton v. Moreland, 177 So. 396 (La. App.2nd Cir.1937). Accordingly, plaintiffs’ action for breach of contract against the defendant shareholders was subject to a 10-year prescriptive period. It was not, therefore, prescribed at the time suit was filed. The trial judge properly denied the exception of prescription.
CONTRACT PROVISIONS
The plaintiffs argue that the trial court’s findings of fact were in error with regard to the agreement between the plaintiffs and Haas.
The reviewing court must give great weight to the factual conclusions of the trial court. Where a reasonable factual basis exists for those findings, they should not be disturbed by the appellate court in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
At trial, Roy Linzay, Jr. testified that in the spring and summer of 1980, he met with Mr. Franklin Mikell, a representative of the farming operation for Haas. Mr. Linzay stated that he and Mr. Mikell reached an agreement whereby he and his partner would have the exclusive right to harvest approximately 3,000 acres of soybeans for 70$ per bushel for a period of five years beginning with the 1980 harvest. The contract would be renegotiated if there was a bad crop and to take into account changes in fuel prices. Mr. Linzay asked for a written agreement, but Mikell refused to reduce the agreement to writing because he wanted to be able to discharge the plaintiffs if he was not satisfied.
The plaintiffs harvested crops on Haas’ property in 1980, 1981, and 1982. Each year the amount of acreage and type of crop harvested varied. Apparently there was no agreement as to what crops or how many acres would be planted. Plaintiffs apparently knew that should Haas discontinue certain other farming operations, then Haas would harvest its own beans. In 1980, plaintiffs harvested approximately 3,000 acres of soybeans as per the original agreement. Linzay testified that the agreement was for soybeans in 1980, because that was what Haas was growing. In 1981, other parties assisted in the soybean harvest and the price per bushel to harvest was raised because of a bad yield. Prior to the 1981 harvest, the contract was renegotiated to include the harvest of wheat and milo at 50$ per bushel. That year, they cut in excess of 3,000 acres in wheat, milo and soybeans.
Mr. Mikell’s recollection of the agreement with the plaintiffs differed. He testified that the agreement was that the plaintiffs would harvest for Haas for a period of three years, for a price to be agreed upon each year.
*1181 The trial court concluded that the agreement was not sufficiently specific in any area to constitute a binding contract and that the parties did no more than enter into an agreement renewable at the option of each on a year to year basis. In support of this conclusion, the court cited the fact that the price, the crop, and the amount of acreage to be harvested were renegotiated on a yearly basis. Additionally, he cited the refusal of Haas to enter a written agreement, so as to reserve its right to terminate the contract.
After a thorough review of the record on appeal, we conclude that it furnishes a more than adequate basis for the factual findings of the trial court. Finding no manifest error, we will not disturb the judgment of the trial court. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the plaintiffs-.
AFFIRMED.